Dwinel *v.* Godfrey.

RUFUS DWINEL, *Petitioner for Review,*

*versus*

ESTHER GODFREY, *Administratrix.*

Upon hearing of a petition for review where facts are presented as newly discovered evidence, which, if introduced at the trial upon the original action should be passed upon by the jury, and which would be sufficient to sustain a verdict for the petitioner; it seems that a review should be granted.

No statement contained in any deposition taken *in perpetuam* can be given as evidence against the deponent, or any one claiming under him.

PETITION FOR REVIEW.

EXCEPTIONS. APPLETON, J., presiding.

The presiding judge decided that the evidence set forth in the petition as newly discovered, and produced at the hearing, had been discovered since the rendition of judgment; and that there had been no negligence or laches on the part of the petitioner in not discovering it, and producing it at an earlier date, but as a matter of law, that all the evidence adduced by the petitioner was not sufficient to authorize a jury to find a verdict in his favor; and therefore, as a new trial would be of no avail to the petitioner, he refused to grant the review.

*Rowe & Bartlett,* counsel for the petitioner.

*A. Sanborn,* counsel for the respondent.

TENNEY, C. J. Upon the hearing under this petition, evidence was introduced and reported. The judge who presided has certified that the evidence set forth in the petition as that of which the petitioner was ignorant at the former trial, has been discovered, in fact, since the rendition of the judgment against him; and that there has been no negligence or laches, on his part, in not discovering it, and producing it, at an earlier date. But, as *matter of law*, it was

adjudged that all the evidence adduced by the petitioner at the hearing was not sufficient to authorize a jury to find a verdict in his favor; and as a new trial would be of no avail to him, a review was refused.

The contract on which the action against the petitioner was founded, was dated in November, 1835. It acknowledges the receipt of the sum of $3000 from the respondent's intestate, for which the petitioner promised to convey certain real estate therein described, without any condition, and without the specification of any time when the conveyance should be made. The intestate remained in the county of Penobscot for several years after the date of this contract, apparently in a necessitous condition as to property, grossly insolvent, in the opinion of those who best knew the state of his affairs, and having, in several instances, disclosed as a poor debtor; and neither in those disclosures, or in any other manner, having adverted to this contract as property belonging to him. He left Oldtown in the year 1838 and went to the state of Georgia, where it is admitted that he died in July, 1840.

It appears that this contract was found by George W. Ingersoll, much to his surprise, in a part of his office which had never been a place of deposit for papers regarded as valuable, in the year 1847 or 1848. He has no knowledge of having the paper intrusted to him by the intestate, or by any other person; that he had not been employed by Mr. Godfrey professionally before his death, and he is entirely unable to even conjecture for what purpose the paper should have been left in his office. He sent the paper to the respondent, who, it appears, after a delay of several years, by reason of being unable to obtain sureties upon an administrator's bond, took letters of administration, and proceeded to administer the estate of her late husband. The contract in question was appraised in the inventory at the sum of one dollar.

The direct evidence, adduced under the petition, tends, in some degree, to show that the intestate had no valuable interest in the contract, and that this and other matters, hav-

ing a connection therewith, were settled. Facts are presented in the report, which, if introduced in a trial of the original action, should be passed upon by the jury, in the issue between the parties therein. If the petitioner, upon such facts, should obtain a verdict, we think it would not be set aside by an imperative rule of law that the evidence was not sufficient to sustain it.

The admissions of the respondent, contained in her deposition, taken in perpetual remembrance, on the application of the petitioner, were properly excluded under the statute of 1852, ch. 242. The declarations made at the time of taking that deposition were the same which were incorporated into the deposition, and were equally inadmissible with the admissions in the deposition itself.

*Exceptions sustained.*

APPLETON, J., did not concur.